United States District Court

Middle District of Louisiana

RECEIVED
OCT 2 8 2022
Legal Programs Department

SCANNED at LSP and Emailed
10-28-22 by UB . 4 pages
date    initials    No.

Troy Davis #356886
                    Plaintiff
        Vs
Capt. P. Reed, Msgt. Joseph
Westbrook, Sgt. Scott et. al
Inmate Banking        Defendants

<u>Order to Show Cause For An Preliminary Injunction
& A Temporary Restraining Order</u>

Upon the complaint, the supporting affidavits of plaintiff, and the memorandum of law submitted herewith, it is:

Ordered that defendants Supervisor of Inmate Banking Saundra Rosso et. al. show cause in room _____ of the United States Courthouse, Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712 on the day _____ of 2022 at _____ at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them, from Malfeasance in office La. R.S. 14:134 and by Falsifying a Report e.c. Model Penal Code §§ 224.4, & 18 USCA § 1516-2071, 2073: Lift Restitution for the false swearing of defendants under Model Penal Code § 241.2

The Monopolization of defendants caused Bank Fraud of 18 USC § 1344, Wire Fraud of 18 U.S.C. § 1343, United States Mail Fraud (18 U.S.C. § 1341) which cause also fraudful Representations. Defendants had an natural tendency to influence inmate banking by making false statements according to 18 U.S.C.A. § 1001

1 of 4

The GRAVAMEN of this notational complaint is in reference of the (unethical) norms that's taking place under the supervision of Capt. P. Reed where she's intentionaly allowed an prison official Msgt. Joseph Westbrook to perform malicious overt acts. The facts that's basis this suit arosed from the development of the unappropriate setting of Msgt. J. Westbrook when on the date of Oct. 10, 2022 Msgt J. Westbrook shook offender cell down when offender was on the yard. After offender yard call time was over Msgt. Westbrook escorted offender back to his cell. After offender were placed back in assigned cell Msgt. J. Westbrook told offender that he will write an disciplinary report on offender for property destruction for breaking the light fixture; thereafter when Capt. P. Reed made rounds I'd brought the matter to her. I'd told her that I did not break the light fixture. And that the light fixture were already broke when I'd moved into this cell; I'd further told her that the light fixture had never been fixed; and that the light fixture had been broken since November of last year and that another offender were charged to pay restitution for breaking it. I'd told to check the log book; she then stated that she remember the incident cause it had been broken on her shift.

The same defense were presented to the disciplinary board and it's members. Offender reques- t for motion to investigate the matter which were denied.

2 of 4

Performing the intentional act(s) of deliberate indifference to the prison condition under "Shelter"; where the prison officials are violating offender Eight Amendment rights. The record in this instant action At bar contains sufficient evidence to support schems in violation of 18 U.S.C. §371 with Capt. P. Reed, Msgt. J. Westbrook et. al Saundra Ross's engaging by theft of government money involving the promotion of various counts are "Conspiracy" to "Defraud" the United States through Inmate Banking willfingly and knowwingly Aiding in the presentation and preparation of False Statements on (9) counts of Bank Fraud (18 U.S.C. 1344), (6) counts 1341 of "Mail Fraud": (6) counts of "Wire Fraud" (18 U.S.C. §1343) and (6) counts of False Statement 18 U.S.C.A §1001

Consolidating Capt. P. Reed and Msgt. J. Westbrook process manufacture represent proof beyond a reasonable doubt that Saundra Ross of the Internal Revenue Service of 26 U.S.C. §7206(1) and (2) were a voluntary intentional violation of a known legal duty which is the objective of "Conspiracy" 18 U.S.C. §371. See Model Penal Code §5.03  Saundra Ross Aid and Assistance causing an Chain Conspiracy under E.G. (18 U.S.C.A. §371.) cause she's a book Keeper in Louisiana State Prison For Inmate Banking S. Ross provides financial consultation Service through the operation under the name of Inmate Banking at her sole proprietorship; Now due to Capt. P. Reed & Msgt. J. Westbrook et. al. Ross's service had taken another seprate entity under "Shelter of Louisiana Institution Capt. P. Reed's, Monopolization and False Pretence are causing an structural change in Inmate Banking the vehicle of Capt. P. Reed promotes computerfization schemes to defraud offender through the use of mail.

SEE RECEIPT NUMBER: D3607613. THIS CONNECTION OF material at hand is AN GENUINE ISSUE. SEE 26 U.S.C § 7206(1)&(2): SEE ALSO 18 U.S.C § 371

Capt. P. Reed; Msgt. J. Westbrook et al conspired against OFFENDER by using two and more PERSONS SEE NO. B-05-003. When two or more PERSONS conspire, either to commit ANY OFFENSE against the United States or to defraud the United States each shall be fined not more than $10,000 or imprisoned not more then five years or both. SEE 18 U.S.C. § 371, SEE (R.I.C.O. Act

Under the PENALTIES of perjury. States: ANY PERSON who - willfully makes and subscribes any return statement or other documents, which contains or is verified by a writing declaration that it is made under penalties of perjury and which he does not believe to be true and correct as as to every material matter shell be guilty of a felony upon conviction there of shall be fined not more then $100,000 SEE § 7206(1) Fraud; & 26 U.S.C § 7206(1) FALSE Statement

<u>Relief</u>

To issue AN Order to lift Restitution issued on 10-18-22 administrative hearing.
To issue an Order to make all Defendants Resigned From Duty Permanently
To be Rewarded $250,000

Oct. 25, 2022
C.C. Filed

Troy Davis # 3568

4 of 4